FILED

NOT FOR PUBLICATION

DEC 08 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GAIL PAYNE and STEPHANIE SMITH, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs-Appellants,<br><br> v.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, DBA Major League Baseball; et al.,<br><br>  Defendants-Appellees. | No.   16-17131<br><br>D.C. No. 4:15-cv-03229-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 6, 2017[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  M. SMITH and IKUTA, Circuit Judges, and MCAULIFFE,[***] District Judge.

Gail Payne and Stephanie Smith appeal the district court's order dismissing Payne and Smith's class action complaint for lack of standing.  We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in concluding that Smith and Payne failed to demonstrate the injury-in-fact element of Article III standing.  Smith cannot demonstrate a "certainly impending" or "substantial risk" of future injury from a foul ball, *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (citation omitted), because she does not plan to attend any future ball game unless she is sitting in a location that is screened by a net, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563–64 (1992).  Although Payne plans to attend future games, her chance of being hit by a foul ball in her chosen sections is roughly 0.0027% per game.  Payne has not offered evidence or statistical analysis indicating she faces a significantly greater likelihood of injury than 0.0027%, let alone that she faces a "certainly impending" injury.  *Susan B. Anthony List*, 134 S. Ct. at 2341.  We also reject Payne and Smith's argument that their general anxiety about being injured by foul balls constitutes an injury-in-fact, because it is based on "fears of

***

[***]    The Honorable Steven J. McAuliffe, United States District Judge for the District of New Hampshire, sitting by designation.

2

hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013); *see also Munns v. Kerry*, 782 F.3d 402, 411 (9th Cir. 2015).

Finally, we reject Smith and Payne's argument that inadequate safety precautions at baseball games interfere with their recreational use of their baseball tickets, and such interference constitutes an injury-in-fact. A person does not suffer "an invasion of a legally protected interest" solely because the owner of a facility open to the public has failed to implement a particular safety measure. *Lujan*, 504 U.S. at 560. Cases concerning individuals' use of public natural resources that are threatened by business operations, *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 182–83 (2000), are inapposite and therefore insufficient to meet the plaintiffs' burden to show they have standing, *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

**AFFIRMED.**